IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE BANCORP BANK., <br>     Plaintiff (terminated), <br> v. <br><br> MATTHEW R. ISAACS, <br>     Defendant, Third-Party <br>     Plaintiff, Counterclaim <br>     Defendant <br><br> v. <br><br> WILSON'S BLUE RIBBON <br> MANAGEMENT CO., et. al. <br>     Third-Party Defendants, <br>     Counter Claimants, <br>     Third-Party Plaintiffs <br><br> v. <br><br> MICHELLE ISAACS, FAMILY FOODS <br> MARKETING, INC., QUAKER <br> VALLEY FOODS, BRIGHT STAR <br> GROUP, LLC, KRAFT FOODS, INC., <br> and THE MINUTE MAID COMPANY, <br>     Third-Party Defendants | CIVIL NO. 07-CV-1907 |

## ORDER

**AND NOW**, this 25th day of March, 2010, upon review of the Motion for Summary Judgment filed by Third Party Defendants Wilson's Blue Ribbon Management, et. al. ("Blue Ribbon") [Doc. No. 99] and all responses and replies thereto; the Motions to Dismiss filed by Matthew Isaacs, Michelle Isaacs, and Family Foods ("Isaacs") [Doc. No. 74], the Motion to Dismiss filed individually by Michelle Isaacs [Doc. No. 79], and Blue Ribbons's response thereto; the Motions to Dismiss filed by Quaker Valley Foods [Doc. No. 62], Bright Star Group,

LLC [Doc. No. 64], Kraft Foods, Inc. [Doc. No. 70] and The Minute Maid Company [Doc. No. 75] and Blue Ribbon's responses thereto; and all briefs regarding transfer of venue to the United States District Court for the Western District of Wisconsin,[1] the Court hereby **ORDERS** as follows:

1. Blue Ribbon's Motion for Summary Judgment [Doc. No. 99] is **GRANTED**;

2. Isaacs' Motion to Dismiss [Doc. No. 74] and Michelle Isaacs' individual Motion to Dismiss [Doc. No. 99] are **DENIED** without prejudice to renewal of these arguments in a motion for summary judgment at the close of discovery. Matthew Isaacs, Michelle Isaacs, and Family Foods may file amended answers within twenty (20) days of the date of this Order without further leave of the Court;

3. Quaker Valley's Motion to Dismiss [Doc. No. 62] is **GRANTED** in part and **DENIED** in part. It is **GRANTED** as to Counts I, IV, VIII, X, XI, and XIII, and **DENIED** as to Counts II, III, V, VI, VII (but as to conversion of customer lists only), IX, and XII.

4. Bright Star's Motion to Dismiss [Doc. No. 64] is **GRANTED** in part and **DENIED** in part. It is **GRANTED** as to Counts I, IV, VIII, X, XI, and XIII, and **DENIED** as to Counts II, III, V, VI, VII (but as to conversion of customer lists only), IX, and XII.

5. Kraft's Motion to Dismiss [Doc. No. 70] is **GRANTED** in part and **DENIED** in part. It is **GRANTED** as to Counts I, II, III, IV, V, VII, VIII, IX, X, XI, XII, and

---

[1] *See* Doc. No. 94, in which the court appears to raise this issue *sua sponte*. Isaacs filed a letter brief on the issue on March 9, 2009. The other parties to the suit filed oppositions to the transfer which are docketed at Doc. No. 95-98 and 100.

XIII. Blue Ribbon is granted leave to amend the complaint as to Count IX within twenty (20) days of the date of this Order. The motion is **DENIED** as to Count VI.

6. Minute Maid's Motion to Dismiss [Doc. No. 75] is **GRANTED** in part and **DENIED** in part. It is **GRANTED** as to Counts I, II, III, IV, V, VII, VIII, IX, X, XI, XII, and XIII. Blue Ribbon is granted leave to amend the complaint as to Count IX within 5 days of the date of this Order. The motion is **DENIED** as to Count VI.

7. The Court **WILL NOT TRANSFER** this case to another venue.

It is so **ORDERED**.

**BY THE COURT:**

_Cynthia M. Rufe_
**CYNTHIA M. RUFE, J.**

CERTIFIED

CLERK OF COURT

3/26/10 mail:
Isaacs